UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | )    23 CR 307 |
| v. | ) |
| | )    Judge Matthew Kennelly |
| CALVERT WILLIAMS, | ) |
| DERRIUS BURNS, | ) |
| AHZAMI XHAMILTON, and | ) |
| CHRISTOPHER GREGORY | ) |

**<u>GOVERNMENT'S MOTION TO RECONSIDER</u>**

## I.    INTRODUCTION

In May 2018, defendants Calvert Williams, Derrius Burns, Ahzami Xhamilton, and Christopher Gregory conspired to kidnap and rob Victim 1, who they knew to be a drug dealer. In May 2023, the defendants were charged by indictment with conspiracy to commit robbery affecting commerce, in violation of Title 18, United States Code, Section 1951(a) (Count One); robbery affecting commerce, in violation of Title 18, United States Code, Section 1951(a) (Count Two); brandishing a firearm in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A) (Count Three); conspiracy to commit kidnapping, in violation of Title 18, United States Code, Section 1201(c) (Count Four); and kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1) (Counts Five and Six). Dkt. 1. Xhamilton and Gregory pleaded guilty. Williams and Burns are proceeding to trial.

The case was initially scheduled to proceed to trial in August 2024. Dkt. 48. In July 2024, the Court reset the trial to March 2025. Dkt. 108. In February 2025, Williams

1

moved for the appointment of new counsel to represent him. Dkt. 147. The Court granted Williams's motion and reset the trial to September 2025. Dkt. 158, 163. In July 2025, Williams again moved for the appointment of new counsel to represent him. Dkt. 200. The Court granted Williams's motion and reset the trial to February 2026. Dkr. 203, 208. In October 2025 and December 2025, Williams again moved for the appointment of new counsel. Dkt. 237, 268. In December 2025, the Court denied Williams's motion. Dkt. 269. Williams is now proceeding *pro se*.

A status hearing was held on January 8, 2026. The Court advised the parties that the February 2026 trial date needed to be reset. Burns's counsel advised the Court that she was unavailable between March and mid-August 2026. Although neither defendant moved for severance and Williams did not object to an August trial date, the Court severed the defendants over the government's objection, scheduling Williams's trial for April 27, 2025, and Burns's trial for August 24, 2026. Dkr. 274, 275. For the reasons discussed below, the government respectfully requests that Court reconsider its severance decision and set a joint trial for both defendants.

## II.    DISCUSSION

### A.    Defendants are Properly Joined

As an initial matter, it is not disputed that the charges against Williams and Burns were properly joined in the indictment. Federal Rule of Criminal Procedure 8(b) allows for the joinder of charges against two or more defendants if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "A conspiracy

charge combined with substantive counts arising out of that conspiracy is a proper basis for joinder under Rule 8(b)." *United States v. Williams*, 553 F.3d 1073, 1078–79 (7th Cir. 2009) (affirming joinder of armed robbery charges against certain defendants where the indictment charged all of the defendants with conspiracy to commit armed robbery); *United States v. Stillo*, 57 F.3d 553, 557 (7th Cir. 1995) ("It is well settled that a conspiracy charge is a proper basis for joinder under Rule 8(b)[.]"); *United States v. Dounias*, 777 F.2d 346, 348 (7th Cir. 1985) ("Conspiracy charges … can provide the bond that links the divergent substantive crimes into a single transaction for Rule 8(b) purposes."). That standard is easily met here. Williams and Burns are charged with violating the same criminal statutes, including the same two conspiracy counts, concerning the same underlying offense conduct. Accordingly, joinder is proper under Rule 8(b).

### B.   No Prejudice Exists Warranting Severance

Rule 14(a) authorizes a district court to order separate trials if joinder of defendants would prejudice a defendant. The standard for demonstrating prejudice under Rule 14(a) is "exacting." *United States v. Carter*, 695 F.3d 690, 700 (7th Cir. 2012) (quoting *United States v. Calabrese*, 572 F.3d 362, 368 (7th Cir. 2009)). It is not enough for a defendant to show that separate trials might provide him with a better opportunity for acquittal; rather, a defendant must show that the denial of severance will cause him actual prejudice by preventing him from receiving a fair trial. *Id.*

As the Supreme has observed, "[j]oint proceedings are not only permissible but are often preferable when the joined defendants' criminal conduct arises out of a single

chain of events." *Kansas v. Carr*, 136 S.Ct. 633 (2016). The Seventh Circuit has explained that "there is a presumption that participants in a conspiracy or other criminal schemes should be tried together." *United States v. Cardena*, 842 F.3d 959, 981 (7th Cir. 2016); *see also United States v. Jett*, 908 F.3d 252, 276 (7th Cir. 2018) ("prevailing preference is that codefendants be tried together"). A single trial of multiple defendants serves "to economize on judicial and prosecutorial resources." *Cardena*, 842 F.3d at 981. "The superior efficiency of trying defendants jointly in a complex criminal case (provided it isn't so complex that the jury can't understand it if there are multiple defendants) is justification for making the only criterion for severance 'prejudice' to one or more of the defendants." *United States v. Farano*, 749 F.3d 658, 660-61 (7th Cir. 2014); *see also United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011) ("In all but the most unusual circumstances, the risk of prejudice arising from a joint trial is outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.").

There are no unusual circumstances present in this case warranting severance. The decision to sever the defendants was prompted by the Court's need to reset the February 2026 trial date and the unavailability of Burns's counsel until mid-August 2026. While there is no undue prejudice to Williams from proceeding to a joint trial with Burns in August, severing the defendants would create needless inefficiencies and distress for the government's witnesses. This case involves six civilian victims who were terrorized and traumatized by the defendants. The defendants robbed and kidnapped Victim 1 and Victim 2 at gunpoint and then forced Victim 1 to direct the defendants to

4

Victim 1's residence because they were not satisfied with how much money Victim 1 had on him. Once at Victim 1's home, the defendants forced Victim 1 inside, where his step-father, brother, and two friends were present. The defendants tied up three of the victims with shoelaces and held them at gunpoint while they ransacked the home. After searching Victim 1's home, the defendants were still not satisfied with their robbery proceeds so they demanded that Victim 1 find a way to get them more money and branded Victim 1's brother with a heated wire. Fearing for his own life, as well the lives of his loved ones, Victim 1 acted out of sheer panic and desperation. Believing it was his only option, Victim 1 ran through the second floor window of his home and jumped down in an attempt to escape the defendants. Unfortunately, Victim 1 landed on a wrought iron fence that was below the window, impaling himself through the leg. Victim 1's injuries required a rod to be placed into his leg to repair the damage. Requiring these victims to recount the horrors they experienced at the hands of the defendants twice would cause needless stress and anguish to individuals who were already victimized by the defendants.

Lastly, to the extent the Court's decision to sever the defendants was rooted in a concern about Williams obtaining a speedy trial, it is worth noting that the trial date in this case has been reset repeatedly owing to Williams's requests for new counsel. Moreover, as time was properly excluded through August 2026 concerning Burns (including for continuity of counsel), time would also properly be excluded concerning Williams. There is "a strong congressional preference for joint trials and an intention

5

that delays resulting from the joinder of codefendants be liberally construed." *United States v. Scott*, 784 F.2d 787, 790 (7th Cir. 1986). The Sixth Circuit explained:

> The legislative history of this section demonstrates a strong Congressional preference for joint trials and an intention that delays attributable to the joinder of defendants be liberally excluded. Further, the purpose of this section is to ensure that the Speedy Trial Act does not alter the present rules governing severance of co-defendants by forcing the government to prosecute the defendants separately or be subject to a speedy trial dismissal motion. Congress thus explicitly recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice feeling that the efficiency and economy of joint trials far outweighed the desirability of granting severance where the criterion was simply the passage of time.

*United States v. Culpepper*, 898 F.2d 65, 68 (6th Cir. 1990) (quoting *United States v. Monroe*, 833 F.2d 95, 100 (6th Cir. 1987); *see also*, *e.g.*, *United States v. Cortes-Gomez*, 926 F.3d 699, 705 (10th Cir. 2019) ("The district court found the delays reasonable because, although Mr. Cortes-Gomez was in custody and zealously pursuing a speedy trial, the facts of this conspiracy would render two separate trials based on the same evidence an inefficient use of prosecutorial and judicial resources."); *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998) ("The utility of a joint trial is particularly compelling . . . [when] the government could be expected to 'recite a single factual history, put on a single array of evidence, and call a single group of witnesses.'").

## III.   CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court reconsider its decision to sever the defendants and set one trial date for both defendants.

6

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: _____
SIMAR KHERA
JARED JODREY
Assistant United States Attorneys
United States Attorney's Office
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
312-353-5300

7